IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHWESTERN DIVISION

| | |
|---|---|
| ROGER ROY PERRY, ) | |
| ) | |
| Movant, ) | |
| ) | |
| vs. ) | Case No. 07-5099-CV-SW-ODS |
| ) | Crim. No. 05-05005-02-CR-SW-ODS |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

## ORDER AND OPINION (1) DENYING MOTION FOR POSTCONVICTION RELIEF PURSUANT TO 28 U.S.C. § 2255 AND (2) DENYING CERTIFICATE OF APPEALABILITY

Pending is Movant's Motion to Vacate, Set Aside or Correct Sentence Pursuant to 28 U.S.C. § 2255. The motion is denied, and the Court declines to issue a Certificate of Appealability.

## I. BACKGROUND

Movant plead guilty to one count of possessing counterfeit currency and one count of conspiring to make and possess counterfeit currency. He was sentenced to concurrent terms of 51 months imprisonment, to be served consecutively with an eight month sentence for violating the terms of supervised release from a prior criminal case. He then instituted a direct appeal; his attorney filed a brief under *Anders v. California*, 386 U.S. 738 (1967) and was granted leave to withdraw. Movant also filed a supplemental brief of his own.

The Court of Appeals affirmed Movant's sentence. United States v. Perry, 231 Fed. Appx. 537 (8th Cir. 2007). In affirming, the Eighth Circuit held (1) the decision to deny a downward departure for Movant's poor health was unreviewable, and the sentence imposed was not unreasonable, (2) the Court was entitled to engage in judicial fact-finding in calculating the Guideline range, and (3) Movant failed to make a

threshold showing that the Government acted unconstitutionally or in bad faith when it declined to move for a downward departure based on substantial assistance.

Movant timely filed his motion for relief under 28 U.S.C. § 2255, and has asserted all three of the arguments discussed by the Court of Appeals in disposing of the direct appeal. However, this proceeding is not a substitute for a direct appeal, so (1) issues that should have been raised on direct appeal cannot be raised in this proceeding and (2) issues that were decided on direct appeal cannot be re-asserted in this proceeding. English v. United States, 998 F.2d 609, 612-13 (8th Cir.), cert. denied, 510 U.S. 1001 (1993) (movant "cannot use a section 2255 petition to collaterally attack the sufficiency of the evidence in his case, an issue resolved on direct appeal."); see also United States v. Shabazz, 657 F.2d 189, 190 (8th Cir. 1981) (per curiam).

In order to appeal, Movant must first obtain a Certificate of Appealability. The Court customarily issues an Order addressing the Certificate of Appealability contemporaneously with the order on the Motion because the issues are fresh in the Court's mind and efficiency is promoted. 28 U.S.C. § 2253(c)(2) provides that a Certificate of Appealability should be granted "only if the applicant has made a substantial showing of the denial of a constitutional right." This requires Movant to demonstrate "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Miller-El v. Cockrell, 537 U.S. 322, 336 (2003) (quotation omitted). When a Certificate of Appealability is denied, the court is required to "state why such a certificate should not issue." Fed. R. App. P. 22(b).

Movant's arguments were raised on direct appeal and rejected by the Court of Appeals, and Movant cannot use a postconviction motion to reassert them. Reasonable jurists would agree Movant's claims lack merit and further proceedings are not warranted.
IT IS SO ORDERED.

/s/ Ortrie D. Smith
ORTRIE D. SMITH, JUDGE
DATE: January 9, 2008    UNITED STATES DISTRICT COURT